UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS CANTER | CIVIL ACTION |
| VERSUS | NO. 08-0343 |
| CLECO CORPORATION, INC. ET AL. | SECTION "N" (3) |

**ORDER AND REASONS**

Before the Court is the **Motion for Summary Judgment (Rec. Doc. 80)** of Defendant CLECO Corporation, Inc. The Court has carefully considered the parties' submissions relative to this motion. On the showing made, the Court is not in a position to find that no genuine issue of material facts exists and that Defendants are entitled to judgment as a matter of law with respect to the question of CLECO's possible negligence in leaving a live electrical wire in a position where it was foreseeable that it might come into contact with a steel wire, causing that steel wire to fall and strike a passerby.

In other words, the Court finds that a reasonable juror could conclude that CLECO's actions caused or contributed to Canter's injuries and constituted actionable negligence. Specifically, there was testimony from CLECO employees that, prior to 2002, they would connect Christmas ornaments for the City of Covington by running a Romex wire from the live electrical utility wire to the Christmas ornament, which was connected to the city-owned light pole. There is also evidence that at times, part or all of these live wires were not removed when the Christmas ornaments were

taken down but were left dangling from the electrical wire. *See* Opp. At Ex. 6 (Butscher deposition, pp. 20-23). A reasonable jury could conclude from this evidence that this live wire was left up after Christmas ornaments were removed in 2002 and eventually came into contact with the steel wire at issue in this case, causing it to burn through and fall, injuring the Plaintiff. A reasonable jury could also therefore conclude that CLECO knew or should have known that the failure to remove the live wire was unreasonably dangerous and constituted negligence on CLECO's part.

It may well be, as CLECO claims, that the numerous storms and other changed conditions since 2002 render CLECO not liable because of intervening or superseding causes. This, however, is a factual issue inappropriate for resolution on summary judgment.

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Defendant's motion for summary judgment is **DENIED**. However, while concluding that Defendant has not carried its burden on the instant summary judgment motion, this order is without prejudice as to the Court's consideration of a properly supported motion made pursuant to Rule 50 of the Federal Rules of Civil Procedure following the submission of evidence at trial, should the Plaintiff fail to establish liability for damages in its order of proof**.**

New Orleans, Louisiana, this 16th day of June 2009.

                                        **KURT D. ENGELHARDT**
                                        **UNITED STATES DISTRICT JUDGE**